**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DR. SHARI CAMHI,

                  Petitioner-Plaintiff,

                                        **ORDER**
For a judgment pursuant to CPLR Article 78     12-CV--0717 (ADS)(ARL)

                 -against-

GLEN COVE CITY SCHOOL DISTRICT,
THE BOARD OF EDUCATION OF THE
GLEN COVE CITY SCHOOL DISTRICT
("Board"), RICHARD MACCARONE,
individually and as President and a Member of
the Board, DAVID HUGGINS, individually and
as Vice President and a Member of the Board,
and IDA McQUAIR, GAIL NEDBOR-GROSS,
BARIE DRATCH, JOEL SUNSHINE and
GRADY FARNAN, each individually and as
members of the Board of Education of the Glen
Cove City School District,

                   Defendants.
----------------------------------------------------------X
<u>**APPEARANCES:**</u>

**Jerome H. Ehrlich, Attorney at Law, PLLC**
*Attorneys for the plaintiff*
200 Garden City Plaza
Suite 301
Garden City, NY 11530
    By: Jerome H. Ehrlich, Esq., Of Counsel

**Solotoff & Solotoff, Esqs.**
*Attorneys for the plaintiff*
P.O. Box 4686
Great Neck, NY 11023
    By: Lawrence Solotoff, Esq., Of Counsel

**Sokoloff Stern LLP**
*Attorneys for the defendants*
179 Westbury Avenue
Carle Place, NY 11514
    By: Steven C. Stern, Esq., & Susan Hull Odessky, Esq., Of Counsel

**SPATT, District Judge**.

On or about December 4, 2011, the Plaintiff Dr. Shari Camhi ( "the Plaintiff")

commenced a proceeding against the Defendants Glen Cove City School District; the Board of

Education for the Glen Cove City School District; Richard Maccarone, individually and as

President and a Member for the Board; David Huggins, individually and as Vice President and a

Member of the Board; and Ida McQuair, Gail Nedbor-Gross, Barie Dratch, Joel Sunshine and

Grady Farnan, each individually and as members of the Board of Education of the Glen Cove

City School District (collectively, "the Defendants") in the Supreme Court of the State of New

York, County of Nassau.  The Plaintiff, an Assistant Superintendent of the Glen Cove City

School District, asserted a hybrid claim, under 42 U.S.C. § 1983 and New York's Civil Practice

Law and Rules ("CPLR") Article 78, alleging that the Defendants violated her Fifth and

Fourteenth Amendment due process rights and her rights under the New York State Education

Law when the Defendants adopted a resolution revoking a previous grant of tenure.  On February

13, 2012, the Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441(b) on the

grounds that, because the Plaintiff alleged a § 1983 claim, the case fell within the Court's federal

question jurisdiction under 28 U.S.C. § 1331.

Presently before the Court is a letter motion, dated February 17, 2012, by the Plaintiff

requesting the Court remand her Article 78 petition to state court, but consenting to the Court's

jurisdiction over her § 1983 claims.  By letter dated February 24, 2012, the Defendants opposed

the Plaintiff's request.  As set forth below, the Court denies the Plaintiff's motion without

prejudice.

Local Civil Rule 7.1 for the Eastern District of New York provides that:

(a) Except as otherwise permitted by the Court, all motions shall include the
following motion papers:

(1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;

(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and

(3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

The only document submitted in support of the Plaintiff's motion is a letter, which was submitted as an attachment to her Counsel's notice of appearance.

Accordingly, the Court denies the Plaintiff's motion to remand her Article 78 petition to state court without prejudice to re-file the motion in accordance with Local Rule 7.1. The Plaintiff is directed to re-file the motion by November 8, 2012. In addition, the Defendants' currently filed opposition is deemed moot and the Defendants have leave to re-file such opposition in accordance with Local Rule 7.1 should the Plaintiff properly re-file her motion to remand. The Defendants are directed to file any opposition by November 28, 2012. The Plaintiff is directed to file her reply, if any, to the Defendants' opposition by December 8, 2012.

**SO ORDERED.**
Dated: Central Islip, New York
October 19, 2012

___/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge