UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DR. SHARI CAMHI,

                     Petitioner-Plaintiff,

                                            **ORDER**

For a judgment pursuant to CPLR Article 78     12-CV--0717 (ADS)(ARL)

              -against-

GLEN COVE CITY SCHOOL DISTRICT,
THE BOARD OF EDUCATION OF THE
GLEN COVE CITY SCHOOL DISTRICT
("Board"), RICHARD MACCARONE,
individually and as President and a Member of
the Board, DAVID HUGGINS, individually and
as Vice President and a Member of the Board,
and IDA McQUAIR, GAIL NEDBOR-GROSS,
BARIE DRATCH, JOEL SUNSHINE and
GRADY FARNAN, each individually and as
members of the Board of Education of the Glen
Cove City School District,

                     Defendants.
---------------------------------------------------------X

## APPEARANCES:

**Jerome H. Ehrlich, Attorney at Law, PLLC**
*Attorneys for the plaintiff*
200 Garden City Plaza
Suite 301
Garden City, NY 11530
    By: Jerome H. Ehrlich, Esq., Of Counsel

**Solotoff & Solotoff, Esqs.**
*Attorneys for the plaintiff*
P.O. Box 4686
Great Neck, NY 11023
    By: Lawrence Solotoff, Esq., Of Counsel

**Sokoloff Stern LLP**
*Attorneys for the defendants*
179 Westbury Avenue
Carle Place, NY 11514
    By: Steven C. Stern, Esq., & Susan Hull Odessky, Esq., Of Counsel

**SPATT, District Judge**.

On or about December 4, 2011, the Plaintiff Dr. Shari Camhi ( "the Plaintiff") commenced this action against the Defendants Glen Cove City School District; the Board of Education for the Glen Cove City School District; Richard Maccarone, individually and as President and a Member for the Board; David Huggins, individually and as Vice President and a Member of the Board; and Ida McQuair, Gail Nedbor-Gross, Barie Dratch, Joel Sunshine and Grady Farnan, each individually and as members of the Board of Education of the Glen Cove City School District (collectively, "the Defendants") in the Supreme Court of the State of New York, County of Nassau. The Plaintiff, an Assistant Superintendent of the Glen Cove City School District, brings a hybrid matter consisting of a special proceeding pursuant to New York's Civil Practice Law and Rules ("CPLR") Article 78 together with a plenary cause of action under 42 U.S.C. §§ 1983 and 1988. The Plaintiff alleges that the Defendants' violated her Fifth and Fourteenth Amendment due process rights and her rights under the New York State Education Law ("Education Law") when the Defendants adopted a resolution revoking a previous grant of tenure.

On February 13, 2012, the Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441(b) on the ground that, because the Plaintiff alleged a § 1983 claim, the case fell within the Court's federal question jurisdiction under 28 U.S.C. § 1331.

Two motions are presently before the Court. First, the Plaintiff moves the Court to remand her Article 78 and breach of contract claims to the state court, but to retain jurisdiction over her federal plenary claim. Second, the Defendants move to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). For the

reasons set forth below, the Defendant's motion to dismiss the Plaintiff's federal due process claim is granted and the Plaintiff's remaining state law claims are remanded.

## I. BACKGROUND

The following facts are derived from the Plaintiff's Amended Verified Petition with Plenary Causes of Action, filed on December 4, 2011. In the resolution of the Defendant's motion to dismiss, the facts are construed in the light most favorable to the Plaintiff.

The Glen Cove City School District is a city school district with less than 125,000 inhabitants. On or about June 6, 2005, the Defendant Board of Education for the Glen Cove City School District ("the Board") appointed the Plaintiff to the position of "Assistant Superintendent for Curriculum, Instruction and Technology" for the Defendant Glen Cove City School District ("the School District"). (Pet., ¶ 12.) In connection with this appointment, the Plaintiff received an "Administrative Probationary Appointment Notice," dated June 6, 2005, from the Board indicating that the Plaintiff had been appointed for a period beginning July 1, 2005 and ending June 30, 2008. (See Pet., Exh. A.)

On or about September 19, 2005, the Board's then president, on behalf of the School District, executed a "Revised Employment Contract" with the Plaintiff. The 2005 Revised Employment Contract concerned the "terms and conditions of employment between the . . . School District and [the Plainitff]" and listed "all of the [] benefits that exist[ed] between the parties" at that time. (Pet., Exh. B.) These listed benefits included, in relevant part, "[a] three-year probationary appointment effective July 1, 2005." (Pet., Exh. B.) According to the Revised Employment Contract, "[c]hanges in these benefits must be mutually agreed upon by the parties." (Pet., Exh. B.)

3

On or about June 19, 2006, the Board unanimously approved a revised employment contract for the Plaintiff. Like the 2005 Revised Employment Contract, the 2006 Revised Employment Contract concerned the "terms and conditions of employment between the . . . School District and [the Plaintiff]" and listed "all of the [] benefits that existed [] between the parties" at that time. (Pet., Exh. D.) Again, the listed benefits included, in relevant part, "[a] three-year probationary appointment, effective July 1, 2005." (Pet., Exh. D.) The 2006 Revised Employment Contract stated that it "shall take effect July 1, 2006 and shall remain in effect until terminated or modified by the parties hereto." (Pet., Exh. D.)

On or about July 23, 2007, a third "Revised Employment Contract," effective July 1, 2007, was executed by the Board's then president and the Plaintiff. The 2007 Revised Employment Contract contained the same above-mentioned provisions as the previous Revised Employment Contracts and also listed "[a] three-year probationary appointment, effective July 1, 2005" as one of the Plaintiff's benefits. (Pet., Exh. E.)

On January 28, 2008, the Board held a meeting at which it approved tenure for the Plaintiff for the position of Assistant Superintendent for Curriculum, Instruction and Technology. The Plaintiff's tenure was effective as of July 1, 2008. (See Pet., Exh. F.)

Thereafter, on or about September 22, 2008, the Board and the Plaintiff executed a fourth "Revised Employment Contract," which was retroactively effective as of July 1, 2008. Similar to the other Revised Employment Contracts, the 2008 Revised Employment Contract "include[d] all of the [] benefits that exist between the parties" and indicated that "[c]hanges to these benefits must be mutually agreed upon by the parties." (Pet., Exh. G.) However, the 2008 Revised Employment Contract included no language as to the Plaintiff's tenure or to a three-year probationary appointment. (Pet., Exh. G.)

On or about July 26, 2010, the Board and the Plaintiff executed a new Agreement in which the Board agreed to provide the Plaintiff with "certain wages and benefits during her employment." (Pet., Exh. H.) The Agreement was deemed retroactively effective as of July 1, 2009 and stipulated that it would "remain in effect for the duration of the Employee's employment by the Glen Cove City School District, unless sooner modified upon the mutual assent of both parties, in writing." The Agreement noted that "[p]rior to the execution of this Agreement, the Board . . . adopted a resolution granting the [Plaintiff] tenure in the position of Assistant Superintendent" and that "[t]his Agreement is intended only to address the wages and benefits to be granted to the Employee during the term hereof." (Pet., Exh. H.) It further stated that "[t]his Agreement shall continue in full force and effect during the [Plaintiff's] employment, unless otherwise terminated, modified or extended in a writing between parties." (Pet., Exh. H.) It appears this 2010 Agreement remains the operative agreement between the Plaintiff and the Board and that the parties did not execute any additional agreements.

On or about July 7, 2011, the Board adopted a Resolution in which it "nullifie[d], rescind[ed] and revoke[d] its prior resolution authorizing a grant of tenure to [the Plaintiff] in the position of Assistant Superintendent for Curriculum, Instruction and Technology." (Pet., Exh. J.) According to the Resolution,

> the Board had been advised that the [] grant of tenure [to the Plaintiff on January 28, 2008] was an ultra vires act and that Education Law, Section 2509(3) provides that persons holding positions of Assistant Superintendent or Deputy Superintendent in a city school district may only be appointed to a term of one to five years pursuant to a contract granted by a board of education, and a board of education shall not grant tenure to individuals in aforesaid positions.

(Pet., Exh. J.) As such, the Board appointed the Plaintiff to a one-year term "in the position of Assistant Superintendent for Curriculum, Instruction and Technology effective July 6, 2011,

5

terminating July 5, 2012." (Pet., Exh. J.) However, the abovementioned July 26, 2010 Agreement concerning the Plaintiff's wage and benefits remained in effect.

Also on or about July 7, 2011, the School District's Superintendent, Joseph A. Laria, wrote to the Plaintiff and advised her that

> [a]t the Board of Education Meeting held on July 7, 2011, the Board approved [a resolution] revoking tenure and appointed you to a one-year term effective July 6, 2011 through July 5, 2012. The wage and benefits applicable to said position are as set forth in the wage and benefit agreement dated July 26, 2010.

(Pet., Exh. I.)

The Plaintiff contends that the Board's 2008 grant of tenure to her was not an *ultra vires* act and the advice the Board relied on in adopting the July 7, 2011 Resolution was "in error." (Pet., ¶¶ 39, 40.) According to the Plaintiff, despite the Board's position to the contrary, "Education Law § 2509(3) does not state that a 'board of education shall not grant tenure to individuals in the' position of Assistant Superintendent." (Pet., ¶ 41.) Moreover, the Plaintiff argues that while Education Law § 2509(1)(b) "mandates the probationary appointment of all members of the supervising staff, 'except associate, assistant and other superintendents[,]' . . . the exception of 'associate, assistant and other superintendents' from the mandate does not prohibit the [] Board from appointing persons in those positions to probation," which is a prerequisite to receiving tenure under § 2509(2). (Pet., ¶¶ 42, 43.) However, the Defendants maintain that "the statutory language, legislative history and authoritative precedent interpreting [Education Law § 2509's alleged prohibition on tenure] all compel the conclusion that [the] [P]laintiff was never entitled to tenure as an assistant superintendent in a small city school district." (Def. Reply, pg. 1.)

6

## II. DISCUSSION

### A. Legal Standard on a Motion to Dismiss

It is well-established that a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In deciding whether a complaint meets this threshold, the Court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in the Plaintiff's favor. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). Only if this Court is satisfied that the Complaint cannot state any set of facts that would entitle the Plaintiff to relief will it grant dismissal pursuant to Rule 12(b)(6). Hertz Corp. V. City of New York, 1 F.3d 121, 125 (2d Cir. 1993).

### B. Legal Standard on a Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441; see also Lincoln Property Co. v. Roche, 546 U.S. 81, 126 S. Ct. 606, 610, 163 L. Ed. 2d 415 (2005) (explaining that § 1441 "authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court"). However, "[u]nder 28 U.S.C. § 1447[,] [a] Plaintiff has a right to bring a motion for remand on the basis of any defect in the notice of removal." Dunlop v. City of New York, Case No. 06-CV-433 (KMK) (JCF), 2006 U.S. Dist. LEXIS 72315, at *5-6 (S.D.N.Y. Oct. 3, 2006).

Included in the causes over which federal district courts have subject matter jurisdiction are causes of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. A federal court may decline to exercise supplemental jurisdiction over a related state law claim only if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id.

**C.  As to Whether the Plaintiff's Due Process Claim Should Be Dismissed**

The Plaintiff asserts a plenary cause of action under 42 U.S.C. §§ 1983 and 1988 against the Defendants.  The Plaintiff alleges that the Defendants violated her rights to due process and property protection under the Fifth and Fourteenth Amendment to the United States Constitution. The Defendants contend that this cause of action should be dismissed on the grounds that (1) the Plaintiff had no property right in tenure, because state law precluded the Plaintiff from receiving tenure in her position as an assistant superintendent and (2) the existence of an adequate post-deprivation remedy precludes the Plaintiff's Due Process claim. However, the Court finds that it need not reach the question of whether the Plaintiff had a property right in tenure in this case, because the Plaintiff was afforded a meaningful post-deprivation remedy.

"To state a cause of action under the due process clause, a plaintiff must show that she has a property interest, created by state law, in the employment or the benefit that was removed." Bernheim v. Litt, 79 F.3d 318, 322 (2d Cir. 1996). "Where a due process claim is 'based on random, unauthorized acts by state employees,' there is no due process violation 'so long as the State provides a meaningful post-deprivation remedy.'" Byrne v. Ceresia, 11-5272, 2012 U.S. App. LEXIS 23837, at *2 (2d Cir. Nov. 20, 2012) (citing Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 880 (2d Cir. 1996), cert. dismissed, 521 U.S. 1140, 118 S. Ct. 15, 138 L. Ed. 2d 1048 (1997) (in turn citing Hudson v. Palmer, 468 U.S. 517, 535, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984))). See also Marino v. Ameruso, 837 F.2d 45, 47 (2d Cir. 1988) (holding that "the existence of an adequate postdeprivation state remedy for the loss affords due process" in cases involving a claim that a property right was lost because of a random and unauthorized act by a state actor); Giglio v. Dunn, 732 F.2d 1133, 1135 (2d Cir. 1984) ("Due process requires only that a hearing be held at a meaningful time and in a meaningful manner. Where a pre-deprivation hearing is impractical and a post-deprivation hearing is meaningful, the State satisfies its constitutional obligations by providing the latter.") (citing Parratt v. Taylor, 451 U.S. 527, 540, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981)); Quattrone v. Erie 2 Chautauqua-Cattaraugus Bd. of Coop. Educ. Servs., 08-CV-367-JTC, 2011 U.S. Dist. LEXIS 118250, at *37 (W.D.N.Y. Oct. 11, 2011) ("[T]here is no due process violation, and thus no available § 1983 action, when the employee has access to an adequate state post-deprivation remedy.") (citing Zinermon v. Burch, 494 U.S. 113, 132, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990); Hudson, 468 U.S. at 531).

Also, of importance, "the Second Circuit has found New York's CPLR Article 78 review to be 'a perfectly adequate post-deprivation remedy' in the context of employment termination."

Quattrone, 2011 U.S. Dist. LEXIS at *37 (citing Hellenic, 101 F.3d at 881). Here, the Plaintiff claims that the Defendants committed a random and unauthorized act in that the Board, relying on allegedly erroneous legal advice, revoked her tenure without a due process hearing pursuant to Education Law § 3020-a. However, the Plaintiff brings this due process claim in the same action in which she commenced an Article 78 proceeding. Thus, the Court finds that an adequate post-deprivation remedy is available to her, since the Defendants' decision to revoke her tenure can be reviewed through the pending Article 78 proceeding that she has brought. See Giglio, 732 F.2d at 1135 ("Where, as here, Article 78 gave the employee a meaningful opportunity to challenge the voluntariness of his resignation, he was not deprived of due process simply because he failed to avail himself of the opportunity."). In addition, the Plaintiff could have brought her grievances to the New York State Commissioner of Education, which would have also afforded her "a full and fair opportunity for administrative review of her assertion of tenure rights." Quattrone, 2011 U.S. Dist. LEXIS at *37. "Accordingly, [the] [P]laintiff can assert no actionable claim for denial of due process under section 1983." Id.

Therefore, the Court dismisses the Plaintiff's §§ 1983 and 1988 federal due process claim.

**D. As to Whether the Plaintiff's Article 78 and Breach of Contract Claims Should be Remanded to the State Court.**

As the Court has dismissed the Plaintiff's federal due process claim on the ground that the Plaintiff was afforded an adequate post-deprivation remedy, all that remains in this action are the Plaintiff's state law claims – that is, the Plaintiff's Article 78 and breach of Contract claims. Under these circumstances, according to the Second Circuit,

> [i]t is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law

10

> claims. In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity[.] . . . [T]he decision to retain jurisdiction is discretionary and not a litigant's right[.]

Klein & Co. Futures, Inc. v. Bd. of Trade, 464 F.3d 255, 262-263 (2d Cir. 2006) (citations omitted). See also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); Byrne, 2012 U.S. App. LEXIS at *3-4.

Further, "[t]he overwhelming majority of district courts confronted with the question of whether to exercise supplemental jurisdiction over Article 78 claims have found that they are without power to do so or have declined to do so." Coastal Communs. Serv. v. City of New York, 658 F. Supp. 2d 425, 459 (E.D.N.Y. 2009); see also Nat'l Fuel Gas Supply Corp. v. Town of Wales, 12-CV-034S, 2012 U.S. Dist. LEXIS 152383, at *26-29 (W.D.N.Y. Oct. 23, 2012) ("[S]everal federal courts in this Circuit have had occasion to determine whether jurisdiction over an Article 78 claim is proper. They are in near unanimous agreement: they refuse to hear the claim"). This is because "Article 78 proceedings were designed for the state courts, and are best suited to adjudication there." Lucchese v. Carboni, 22 F. Supp. 2d 256, 258 (S.D.N.Y. 1998). Indeed, "[a]n Article 78 proceeding is a novel and special creation of state law, and differs markedly from the typical civil action brought in this Court in a number of ways." Id. See also Camacho v. Brandon, 56 F. Supp. 2d 370, 380 (S.D.N.Y. 1999).

In this regard, the Court finds that "the interests of judicial economy are not served by embroiling this court in a dispute over local laws and state procedural requirements," since the dispute can be resolved through an Article 78 proceeding, "which is designed to facilitate a summary disposition of the issues presented, and is a fast and cheap way to implement a right." Birmingham v. Ogden, 70 F. Supp. 2d 353, 372-373 (S.D.N.Y. 1999). Accordingly, because the

Court has already dismissed the Plaintiff's only federal claim and is not aware of any other ground on which it may exercise original jurisdiction over this action, the Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining Article 78 and breach of contract claims. As such, the Court grants the Plaintiff's motion and remands the Plaintiff's remaining state law claims to the Supreme Court of the State of New York, County of Nassau, for adjudication.

### III.  CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** the Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the Plaintiff's plenary cause of action under 42 U.S.C. §§ 1983 and 1988 is hereby granted; and it is further

**ORDERED** the motion to remand the Plaintiff's remaining state law claims to the Supreme Court of the State of New York, County of Nassau, is hereby granted; and it is further

**ORDERED** that the Clerk of Court is directed to close the case.


**SO ORDERED.**
Dated: Central Islip, New York
January 7, 2013


　　　　　　　　　　　　　　　　　　　　___/s/ Arthur D. Spatt_____
　　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT
　　　　　　　　　　　　　　　　　　　　United States District Judge